Mitchell J. EATON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 42A05–0407–CR–354.

Court of Appeals of Indiana.

May 2, 2005.

J. Dirk Carnahan, Vincennes, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Mitchell Eaton pled guilty to Dealing in a Schedule II Controlled Substance, a Class B felony. He asserts on appeal that his sentence was inappropriate in light of the nature of the offense and his character and asks this Court to revise his sentence. We conclude that the trial court erroneously sentenced Eaton because it imposed the presumptive sentence after expressly finding that the mitigating factors outweighed the aggravating factors, and we remand for resentencing.

### Facts and Procedural History

Acting on a tip that Eaton was a "junkie," officers from the Vincennes Police Department arrived at Eaton's house and knocked on his door. When Eaton answered the door, the officers read him his *Miranda* rights. They then asked Eaton if he had any methamphetamine inside the residence, and Eaton responded, "Maybe." The officers again advised Eaton of his rights and gave him a consent to search form. Eaton explained that he understood his rights. While in the middle of filling out the form, he invited the officers inside. He led the officers through the house and told them where they could find methamphetamine and certain tools and precursors used in making methamphetamine. Eaton was arrested and, while he was being transported to jail, an officer told him that the police would be interested in searching a shoe shop that Eaton owned and operated in town. Eaton gave the officer the keys to his shop and expressed his consent to the search of the shop.

Eaton was charged with Dealing in a Schedule II Controlled Substance as a Class B felony.[1] He agreed to plead guilty as charged, and in exchange for the guilty plea, the State agreed, in pertinent part, that Eaton would be sentenced to no more than ten years, the presumptive sentence for a Class B felony,[2] and that the State would dismiss a Class A felony charge for manufacturing methamphetamine that was pending under a different cause number. The trial court accepted the plea and sentenced Eaton to ten years, suspended to probation. He was ordered to serve six years in the Wabash Valley Regional Community Corrections Work Release Program and four years on supervised probation. Eaton now appeals.

### Discussion and Decision

On appeal Eaton asserts that this Court should exercise its power to revise his sentence pursuant to Indiana Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." More specifically, he asserts that his sentence should be below the presumptive based upon the trial court's own analysis of the aggravators and mitigators.

1. Ind.Code § 35–48–4–2(a)(1)(A).

2. Ind.Code § 35–50–2–5.

At the sentencing hearing, the trial court found no aggravators and found the existence of two mitigators. First, the court found "as the significant mitigator," Tr. p. 33, that Eaton had no history of delinquency or criminal activity. Second, the court found as a mitigator that Eaton is likely to respond affirmatively to probation or short term imprisonment. The court then balanced the aggravators and mitigators and in so doing explained it "considers the balance between aggravating and mitigating to be in favor of mitigation, because the Court finds that the mitigating factors outweigh the aggravating factors." *Id.* Despite this finding, the court imposed a sentence of ten years, the presumptive sentence for a Class B felony and the maximum that Eaton could have received under the terms of the plea agreement. The entire sentence was suspended to probation.

■ We need not reach the issue of whether Eaton's sentence was "inappropriate in light of the nature of the offense and the character of the offender" under Appellate Rule 7(B) because we find that the sentence was erroneous. Our primary role is to review sentences to ensure that they are based on appropriate aggravators and mitigators. The judge's weighing of the aggravators and mitigators in this case demonstrates that the imposition of the presumptive sentence was erroneous because the judge expressly found that the mitigators outweigh the aggravators. Undoubtedly this was so because the judge found two mitigators and no aggravators.

■ The dissent would have us forego any review of this sentence because the sentence imposed was within the bounds of the plea agreement. We agree that if the question here were the appropriateness of the sentence under Appellate Rule 7(B), then Eaton waived his right to argue that his sentence was inappropriate by accepting a plea agreement in which he agreed to a sentencing range less than the range authorized by statute. *See Wilkie v. State*, 813 N.E.2d 794, 804 (Ind.Ct.App.2004), *trans. denied; Gist v. State*, 804 N.E.2d 1204, 1206–07 (Ind.Ct.App.2004).[3] But the question here is not the imposition of an inappropriate sentence; rather, the issue is whether the court imposed an erroneous sentence. By accepting the plea agreement that called for argued sentencing within certain parameters, we do not conclude that Eaton gave up his right to have the judge weigh the aggravators and miti-

---

3. The author of this opinion is the author of *Gist v. State*, 804 N.E.2d 1204 (Ind.Ct.App. 2004). In a subsequent opinion, another panel of this Court disagreed with *Gist. See Wilkie v. State*, 813 N.E.2d 794 (Ind.Ct.App.2004), *trans. denied*. The defendant in *Gist* pled guilty to a Class B felony, and the plea agreement provided that his sentence would not exceed the presumptive sentence for a Class B felony, which is ten years. *See* Ind.Code § 35–50–2–5. The judge sentenced the defendant to ten years, and on appeal he argued that his sentence was inappropriate under Indiana Appellate Rule 7(B). We stated that by entering into a plea agreement with the State in which the sentence was capped at ten years, the defendant "necessarily agreed that a ten-year sentence was appropriate." *Gist*, 804 N.E.2d at 1206. We held that where a defendant pleads guilty with a cap on the maximum sentence, the defendant has implicitly waived his right to argue that his sentence was inappropriate under Appellate Rule 7(B). In other words, *Gist* does not stand for the proposition that "*anytime* a defendant voluntarily enters into a plea agreement, that defendant is thereafter barred from challenging his sentence as inappropriate." *See Wilkie*, 813 N.E.2d at 803 (emphasis added). There are situations—such as the situation in *Gist* and in the instant case—where the defendant does waive his Appellate Rule 7(B) argument for the reasons set forth in our opinions; however, not every guilty plea falls into this category. In sum, *Gist* should not be read as establishing an absolute bar to an Appellate Rule 7(B) argument in guilty plea cases.

gators and impose a sentence in line with the judge's finding of the balance between them. *See, e.g.,* Ind.Code § 35–38–1–7.1 (explaining conditions for a trial court to consider in imposing a sentence); Ind. Code § 35–50–2–5 ("A person who commits a Class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances....."). In fact, the very purpose of an argued sentencing hearing is for the trial court to identify aggravating and mitigating circumstances and properly balance them. This purpose is even more apparent in a case where the cap on the defendant's sentence is the presumptive. In such a case, the only issue to be argued before the judge is whether the sentence should be below the presumptive, i.e., mitigated. Thus, we conclude that a plea agreement calling for the parties to argue sentencing does not result in the offender waiving his right to complain about an erroneous sentence.[4]

Our opinion does not change because this sentence was suspended. Indeed, it is suspended for now, but until Eaton serves his entire ten-year probation period there remains the possibility that he will have to serve ten years executed should the court find that he violated any condition of his probation. *See* Ind.Code § 35–38–2–3(g)(3) ("If the court finds that the person has violated a condition at any time before termination of the [probationary] period ... the court may: ... order execution of the sentence that was suspended at the time of initial sentencing."). In so deciding, we are mindful that another panel of this Court has, in an Indiana Appellate Rule 7(B) analysis, drawn a distinction between the maximum sentence and the maximum punishment. *See Beck v. State,* 790 N.E.2d 520, 522 (Ind.Ct.App.2003), *trans. not sought.* In this case, as we stated earlier, the appropriateness of Eaton's sentence under Rule 7(B) is not at issue; the fact that the sentence imposed was erroneous is at issue here. We find persuasive the rationale of the Missouri Court of Appeals when discussing the effect of a suspended sentence: "When a court suspends the execution of sentence, only the act of executing the sentence has been suspended; a criminal conviction has been entered and the sentence has been assessed." *Taylor v. Missouri,* 25 S.W.3d 632, 633 (Mo.Ct.App.2000); *see also Cox v. State,* 792 N.E.2d 898, 907 n. 6 (Ind.Ct. App.2003) ("We are aware of ... *Beck* [but] ... [t]here appears to be no case law recognizing a distinction between maxi-

4. This is in contrast to an offender's claim that a sentence is inappropriate after he has agreed to a sentence within a sentencing range less than the range authorized by statute. In such cases, we have found that the offender has waived his claim of inappropriateness of the sentence. We have so determined because a review of a sentence as inappropriate under Appellate Rule 7(B) analysis is a largely subjective inquiry undertaken in rare circumstances. The inquiry centers on whether the sentence is proportional to the nature of the offense and character of the offender. *See, e.g., Payton v. State,* 818 N.E.2d 493, 498 (Ind.Ct.App.2004) ("[I]t is clear that [the defendant's] character falls within the category of the worst offenders. However, we are also obliged to consider the nature of the offenses. In our opinion, the offenses committed, while egregious, are by far not the worst we have reviewed. Therefore, in this category of offenses, we do not find [the defendant's] actions to be the worst we have reviewed and, thus, we deem his aggregate thirty-nine-year sentence to be inappropriate. Therefore, we revise [the defendant's] sentence to reflect the presumptive for each offense ....."), *trans. denied.* By agreeing to a cap on the sentence, the offender is implicitly agreeing that the maximum sentence which could be imposed under the agreement is within the subjective bounds of proportionality.

mum punishment and maximum sentences."), *trans. denied.; Beck,* 790 N.E.2d at 523 (Ind.Ct.App.2003) (May, J., concurring in result) ("A year is still a year, and a sentence is still a sentence.").

We therefore remand for imposition of less than the presumptive sentence. *See Laughner v. State,* 769 N.E.2d 1147, 1162 (Ind.Ct.App.2002) (remanding to the trial court for resentencing to less than the presumptive sentence where the "mitigating circumstances found by the trial court [we]re both undisputed and supported by the record, and no permissible aggravators were found that may serve to offset those mitigators"), *trans. denied, cert. denied.*

Reversed and remanded.

NAJAM, J., concurs.

KIRSCH, C.J., dissents with separate opinion.

KIRSCH, Chief Judge, dissenting.

I believe the trial court acted within its discretion in imposing a ten-year sentence suspended to probation. Accordingly, I respectfully dissent.

First, the sentence was within the plea agreement. Eaton entered into a plea agreement by which a Class A felony charge for manufacturing methamphetamine was dismissed, and it was agreed that he would not be sentenced to more than ten years.

Second, having served on the panel which decided *Beck v. State,* 790 N.E.2d 520 (Ind.App., 2003), I continue to believe that in the appellate review of sentencing decisions we should look at the total sentence actually imposed (including whether some or all of it was suspended or suspended to probation) and not simply at the number of years of the sentence. I believe it is counter-intuitive to say that the trial court abused its discretion in ordering a *suspended* ten-year sentence when it would have been within its discretion to order an *executed* nine-year sentence. Would the appellant here actually prefer a reduced executed sentence to a presumptive suspended sentence? A year is, indeed, a year, but a suspended sentence is not the same as an executed sentence, and time spent on work release through a community corrections program is not the same as time spent in a state prison.

I would affirm the trial court in all respects.