**T.L. Brandon HOLLAR, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 43A05–0906–CR–319.

Court of Appeals of Indiana.

Nov. 18, 2009.

Donald R. Shuler, Barkes, Kolbus &
Rife, LLP, Goshen, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of
Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant T.L. Brandon Hollar challenges his sentence, claiming it is inappropriate. We affirm.

### Facts and Procedural History

On May 7, 2009, at the initial hearing on the charge, Hollar, pro se, entered a plea of guilty to Nonsupport of a Dependent Child, as a Class D felony.[1] After the sentencing hearing, the trial court found aggravators of Hollar's criminal history and numerous probation revocations and one mitigator of his guilty plea. The trial court concluded that the aggravators outweighed the mitigators and sentenced Hollar to three years imprisonment with two years suspended to probation.

### Discussion and Decision

On appeal, Hollar contends that his three-year sentence consisting of one year imprisonment and two years suspended to probation is an inappropriate sentence. He requests that we review and revise his sentence. In *Reid v. State,* our supreme court reviewed the standard by which appellate courts independently review criminal sentences:

Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to

persuade us that his sentence is inappropriate.

*Reid v. State,* 876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

More recently, the court reiterated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind.2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. *See id.* at 1224. One purpose of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224.

In addition to the flexibility of selecting a sentence within a range to fit the circumstances of each case, a trial court generally, unless prohibited by statute, has the option of suspending a portion or the entire sentence to probation. Here, the trial court exercised its discretion to suspend a portion of Hollar's sentence. Hollar was convicted of a Class D felony, which has a sentencing range of six months to three years, with one and one half years as the advisory. *See* Ind.Code § 35–50–2–7. The trial court sentenced Hollar to the term of three years and suspended two years to probation.

Hollar argues that he received the maximum sentence despite two years being suspended to probation. The State disagrees, citing *Jenkins v. State,* 909 N.E.2d 1080 (Ind.Ct.App.2009), *trans. denied.* The *Jenkins* court noted a split of

---

1. Ind.Code § 35–46–1–5.

opinion on this Court as to whether a fully executed sentence is equivalent to a sentence of equal length with part suspended to probation. *Id.* at 1084. While acknowledging that probation can be revoked,[2] the court concluded that, in analyzing whether a sentence is inappropriate under Indiana Appellate Rule 7(B), anything less than a fully executed sentence of the maximum length does not constitute a maximum sentence. *Id.* at 1085–86.

■ There is a "continuum of possible punishments" that essentially ranges in severity based on the degree to which the punishment impinges on a defendant's liberty. *See Kopkey v. State,* 743 N.E.2d 331, 337 (Ind.Ct.App.2001) ("On the 'continuum of possible punishments' mentioned by *Griffin,* in-home detention lies somewhere between incarceration and probation[.]" (citing *Griffin v. Wisconsin,* 483 U.S. 868, 975, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987))), *trans. denied; United States v. Cardona,* 903 F.2d 60, 63 (1st Cir.1990) ("On the Court's continuum of possible punishments, parole is stronger medicine; ergo, parolees enjoy even less of the average citizen's absolute liberty than do probationers." (citations and quotations omitted)). The consideration and imposition of alternatives[3] to incarceration is a "matter of grace" left to the discretion of the trial court. *Wolf v. State,* 793 N.E.2d 328, 330

(Ind.Ct.App.2003). As stated by the *Jenkins* court, this extension of grace or privilege by a trial court results in a sentence that is not equivalent to the restriction placed on one's liberties imposed by a fully executed sentence.

In light of this spectrum and its varying degrees of restraint on the liberty and freedom of a defendant, we look to whether the sentence is composed of executed imprisonment time, in whole or in part, or includes any alternatives to incarceration when performing 7(B) analysis. Here, Hollar was ordered to serve one year of imprisonment and two years of supervised probation. With credit time,[4] Hollar could serve as little as six months in prison. With that in mind, we turn to our analysis under Appellate Rule 7(B).

As to the nature of the crime, Hollar failed to pay child support from August 1, 2008, to April 30, 2009. Hollar was laid off during the summer of 2008 and received unemployment checks thereafter. While unemployed, he worked for his father at P & T Farms in exchange for his father paying some of Hollar's financial obligations.

As to the character of the offender, Hollar has a lengthy criminal history, which includes convictions for operating a vehicle while intoxicated, public intoxication, theft

---

**2.** We also agree with the *Jenkins* court that, while the revocation of probation due to a violation can result in the execution of the suspended portion of the sentence, such reinstitution of part or the entire suspended sentence rests on the voluntary choices of the defendant. "[A] defendant can ensure that it will never become reality simply by abiding by the terms of his probation" *Jenkins v. State,* 909 N.E.2d 1080, 1085 (Ind.Ct.App. 2009), *trans. denied.*

**3.** There can even be a subspectrum of the level of restriction on one's liberty within the choice of a particular alternative punishment. As to probation, our supreme court noted that

judicial practice in Indiana has been to authorize creative sentences for probation in order to obtain the most efficient sentences possible. *Prewitt v. State,* 878 N.E.2d 184, 187 (Ind.2007). It also pointed out, as evidenced in the action of the legislature clarifying the probation statute, "the legislative message of recent decades has been to encourage judicial flexibility." *Id.*

**4.** *See* Ind.Code § 35–50–6–3(a) (noting that a person imprisoned for a crime or confined awaiting trial or sentencing earns one day of credit for each day of imprisonment when assigned to Class I).

and criminal mischief. Hollar was placed on probation five times but only successfully completed two of the probation placements. Hollar pled guilty to the current conviction at the initial hearing on the charge. He did so without the benefit of a plea agreement.

Based on the nature of the offense and the character of the offender, Hollar has not persuaded us that his sentence of one year imprisonment and two years of probation is inappropriate.

Affirmed.

BRADFORD, J., concurs.

VAIDIK, J., concurs in result with opinion.

VAIDIK, Judge, concurring in result.

I agree with the majority's disposition of this case, but I disagree with its conclusion that executed and suspended sentences should be treated differently for purposes of Appellate Rule 7(B) review.

I should first point out that, in many 7(B) cases like this one, whether we review a defendant's entire potential sentence or only the executed portions may be of little consequence. The differential between an executed and imposed sentence may be so small as to have no practical effect on our overall 7(B) analysis. But to the extent this issue could affect some review-and-revise outcomes, I disagree with the approach espoused by the majority in this case.

Indiana courts have drawn no distinction between executed and suspended sentences in contexts outside of 7(B) inappropriateness. *See, e.g., Mask v. State,* 829 N.E.2d 932, 935–36 (Ind.2005) (criminal episode sentencing); *Eaton v. State,* 825 N.E.2d 1287, 1290 (Ind.Ct.App.2005) (abuse-of-discretion sentencing review), *disapproved of on other grounds by Chil-*

*dress v. State,* 848 N.E.2d 1073, 1077 n. 2 (Ind.2006). In *Mask,* the defendant committed three Class D felonies during a single episode of criminal conduct. 829 N.E.2d at 935. He was sentenced to consecutive terms totaling nine years. *Id.* Only three years of the sentence were ordered executed. *Id.* Under Indiana Code section 35–50–1–2(c), the maximum aggregate term that the defendant could receive for his criminal episode was four years. *Id.* The defendant argued that his nine-year sentence violated Section 35–50–1–2(c), even though only three years were ordered executed. *Id.* Our Supreme Court agreed. *Id.* The Court explained:

> A suspended sentence differs from an executed sentenced only in that the period of incarceration is delayed unless, and until, a court orders the time served in prison. In other words, the imposition of a suspended sentence leaves open the real possibility that an individual will be "sent to incarceration for some period" before being released from any penal obligation. This commonly occurs when probation or parole is revoked, and a defendant who received probation or parole is subject to incarceration until released.

*Id.* (citation omitted). The Court held that any period of a suspended sentence must be included when calculating the maximum aggregate sentence under Section 35–50–1–2(c). *Id.* at 936. The Court construed the statute to "include any period of incarceration a defendant is sentenced to, even if all or a portion of that period of time is suspended." *Id.*

In *Eaton,* the defendant pled guilty to a Class B felony. 825 N.E.2d at 1288. The trial court found two mitigators and no aggravators at sentencing. *Id.* at 1289. The court also found that the mitigating factors outweighed the aggravating factors. *Id.* Nonetheless, the trial court im-

posed the presumptive sentence for a Class B felony. *Id.* The entire sentence was suspended to probation. *Id.* We held that the trial court erred by sentencing the defendant to the presumptive term, because the court expressly found that the defendant's mitigators outweighed the aggravators. *Id.* We further noted that "[o]ur opinion does not change because this sentence was suspended. Indeed, it is suspended for now, but until Eaton serves his entire ten-year probation period there remains the possibility that he will have to serve ten years executed should the court find that he violated any condition of his probation." *Id.* at 1290. We observed that "[w]hen a court suspends the execution of sentence, only the act of executing the sentence has been suspended; a criminal conviction has been entered and the sentence has been assessed." *Id.* (quoting *Taylor v. State*, 25 S.W.3d 632, 633 (Mo.Ct. App.2000)).

Some Court of Appeals panels have also treated executed and suspended sentences the same within the context of 7(B) review. *See, e.g., Pagan v. State*, 809 N.E.2d 915, 926 n. 9 (Ind.Ct.App.2004) ("This court has clarified that we will consider suspended portions of a sentence as well as executed portions when considering the appropriateness of a sentence." (citing *Cox v. State*, 792 N.E.2d 898, 904 n. 6 (Ind.Ct.App.2003), *trans. denied*)), *trans. denied.*

But the majority in this case follows *Jenkins v. State*, 909 N.E.2d 1080 (Ind.Ct. App.2009), *trans. denied*, which recently found that imposed and suspended sentences are not equivalent for purposes of a 7(B) inappropriateness challenge. *Id.* at 1084. The *Jenkins* panel concluded that "the particulars of a sentence can be just as relevant as its length when it comes to Rule 7(B) review," *id.* at 1085 (citing *Hole v. State*, 851 N.E.2d 302, 304 n. 4 (Ind. 2006)), and that "it is simply not realistic

to consider a year of probation, a year in community corrections, and a year in prison equivalent," *id.* at 1084. The *Jenkins* court acknowledged that probationary terms are often revoked and result in fully executed sentences. *Id.* But the court responded that "whether the suspended time is eventually served *depends entirely on the defendant* .... [A] defendant can ensure that it will never become reality by abiding by the terms of his probation." *Id.* at 1084–85. The court also distinguished *Mask*, explaining that *Mask* dealt only with a narrow sentencing issue under Indiana Code section 35–50–1–2. *Id.; see also Beck v. State*, 790 N.E.2d 520, 522 (Ind.Ct.App.2003) (reviewing sentence for inappropriateness and noting that "while sentenced to the maximum sentence of 365 days, [the defendant] did not receive the maximum punishment of an executed sentence").

I find *Jenkins, Beck*, and the majority's holding today to be problematic. First, I believe that the observations that our courts have made outside the realm of 7(B) appropriateness have just as much application within the review-and-revise context. A probationary term poses the very "real possibility" that a defendant will have to serve his suspended sentence. *Mask*, 829 N.E.2d at 935; *accord Eaton*, 825 N.E.2d at 1290. Whether or not this is within the control of the defendant, I find it unrealistic to ignore the suspended portions of a sentence and review only those portions ordered executed. I also think *Jenkins* is misguided in distinguishing *Mask* simply because the latter case dealt with a statutory sentencing issue.

But the primary concern, in my opinion, is that if we decline to review the totality of a potential sentence on direct appeal, the defendant will have no other opportunity to challenge the appropriateness of the sentence should his probation be revoked. We review a trial court's

sentencing decision in a probation revocation proceeding for an abuse of discretion. *Sanders v. State,* 825 N.E.2d 952, 956 (Ind.Ct.App.2005), *trans. denied.* Appellate Rule 7(B) "is not the correct standard to apply when reviewing a sentence imposed for a probation violation." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). To adopt the *Jenkins* approach is therefore to deny an offender his only chance for meaningful 7(B) review.

I would decline to follow *Jenkins* and instead review the entirety of Hollar's suspended and executed sentences for inappropriateness. However, I join the majority in concluding that Hollar's imposed sentence is not inappropriate in light of the nature of the offense and the character of the offender. I therefore concur in result.