ATTORNEYS FOR APPELLANT
Joel M. Schumm
Indianapolis, Indiana

Ruth Ann Johnson
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Gary Damon Secrest
Deputy Attorney General

Wade James Hornbacher
Deputy Attorney General

James Edward Porter II
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 49S02-1001-CR-41

DESMOND DAVIDSON,                                        *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                         *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49F15-0808-FD-185990
The Honorable James Osborn, Judge

On Transfer from the Indiana Court of Appeals, No. 49A02-0904-CR-287

**May 25, 2010**

**Dickson, Justice.**


Contrasting opinions of the Court of Appeals have disagreed about the manner and extent of consideration to be given to the suspended portion of a sentence upon appellate review. To resolve this conflict, we granted transfer and hold that appellate review under Indiana Appellate

Rule 7 may include consideration of the totality of the penal consequences found in a trial court's sentence.

The defendant was convicted of Auto Theft, a class D felony, and Resisting Law Enforcement, a class A misdemeanor. For these convictions, he received an aggregate sentence of 545 days, the advisory sentence for a class D felony, with 180 days executed and 365 days suspended to probation. The defendant appealed, presenting only a claim for appellate review and revision of the sentence under Indiana Appellate Rule 7(B) and asserting that the total sentence of 545 days was inappropriate. The Court of Appeals affirmed. Davidson v. State, 916 N.E.2d 954 (Ind. Ct. App. 2009).

The Court of Appeals panel, however, was not in full agreement regarding whether "to review his partially-suspended advisory sentence the same as if it were a fully-executed advisory sentence." *Id*. at 958. The majority opinion, authored by Judge Najam, favored consideration of the fact that a portion of the sentence was suspended, agreeing with Judge Bradford's majority opinion for a unanimous panel in Jenkins v. State, 909 N.E.2d 1080, 1084–86 (Ind. Ct. App. 2009), *trans. denied*, which adopted Judge Kirsch's dissenting view in Eaton v. State, 825 N.E.2d 1287, 1291 (Ind. Ct. App. 2005), *trans. not sought*. *Accord* Beck v. State, 790 N.E.2d 520, 522–23 (Ind. Ct. App. 2003), *trans. not sought*. Judge Barnes wrote a separate concurring-in-result opinion in the present case, urging that the reviewing court should consider only the defendant's full 545-day sentence "without regard for the fact that a majority of that sentence was suspended to probation." Davidson, 916 N.E.2d at 962. This view was also favored in Eaton, 825 N.E.2d at 1290–91 (declining to consider the fact that part of the sentence was suspended); Pagan v. State, 809 N.E.2d 915, 926 n.9 (Ind. Ct. App. 2004), *trans. denied* (including both the executed and the suspended portions of the sentence when determining whether the defendant received a maximum sentence); and Cox v. State, 792 N.E.2d 898, 904 n.6 (Ind. Ct. App. 2003), *trans. denied* (finding the maximum sentence was imposed despite the fact that part of the sentence was suspended). In the present case, the defendant's sole claim on transfer is that, upon review under Appellate Rule 7(B), the reviewing court should evaluate only the full, aggregate sentence without considering whether all or any portion of it was suspended.

The Indiana Constitution expressly provides an appellate power to "review and revise the sentence imposed." Ind. Const. art. 7, § 4. Pursuant to this provision, Indiana Appellate Rule 7 authorizes a criminal defendant to appeal a sentence and states that the reviewing court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). The defendant urges that in exercising this power, only his aggregate sentence of 545 days should be evaluated, without consideration of the fact that the sentencing judge ordered 365 days suspended to probation and only 180 days to be executed.

In determining the penal consequences for a convicted defendant, trial courts have a variety of options beyond that of determining the length of a sentence. In imposing a sentence, trial judges may order, for example, suspension of the sentence,[1] probation,[2] home detention,[3] placement in a community corrections program,[4] executed time in a Department of Correction facility,[5] or serving of sentences on multiple convictions concurrently rather than consecutively.[6] And the General Assembly provides for additional penalties that can be levied against a defendant such as restitution and fines.[7]

We decline to narrowly interpret the word "sentence" in Appellate Rule 7 to constrict appellate courts to consider only the appropriateness of the aggregate length of the sentence without considering also whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge. This does not preclude a reviewing court from determining a sentence to be inappropriate due to its overall sentence

---

[1] Ind. Code §§ 35-38-1-17, 35-50-2-2.

[2] I.C. § 35-38-2.

[3] I.C. § 35-38-2.5.

[4] I.C. § 35-38-2.6.

[5] I.C. § 35-38-3.

[6] I.C. § 35-50-1-2.

[7] I.C. § 35-50-5.

length despite the suspension of a substantial portion thereof. A defendant on probation is subject to the revocation of probation and may be required to serve up to the full original sentence.

## Conclusion

Upon the review of sentence appropriateness under Appellate Rule 7, appellate courts may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant. The Court of Appeals in this case was correct. We disapprove of the contrary views expressed in <u>Eaton</u>, 825 N.E.2d at 1290–91; <u>Pagan</u>, 809 N.E.2d at 926; and <u>Cox</u>, 792 N.E.2d at 904. The judgment of the trial court is affirmed.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.