**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY G. RAFF**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MELVIN SANDERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1206-CR-262 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1111-MR-9

**January 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Melvin Sanders appeals his sixty-year sentence for murder.  We affirm.

**Issue**

Sanders raises one issue, which we restate as whether his sentence is inappropriate.

**Facts**

On September 7, 2011, Sanders got into an argument with his cousin, Eric Robinson, at an apartment complex in Fort Wayne.  The two agreed to go downstairs and settle things.  Sanders armed himself with a knife, which he hid in the waistband of his pants.  Shortly after a fistfight began, Sanders stabbed Robinson multiple times, causing injuries that resulted in Robinson's death on September 18, 2011.

On November 3, 2011, the State charged Sanders with murder.  On May 5, 2012, the morning of trial, Sanders pled guilty to the charge.  Following a hearing, the trial court sentenced to Sanders to sixty years.  Sanders now appeals.

**Analysis**

Sanders argues that his sixty-year sentence is inappropriate in light of the nature of the offense and his character.  Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender.  Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision.  Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We also understand and

2

recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Sanders argues that the nature of the offense does not warrant the enhancement of the advisory sentence for murder, which is fifty-five years. We disagree. Sanders and Robinson had a history of friction between them and decided to "settle things" downstairs. Guilty Plea Tr. p. 28. Sanders took a knife, which he hid in the waistband of his pants, with him to the fight. After Robinson and Sanders each threw a punch, Sanders became upset and stabbed Robinson multiple times. Sanders then fled from the building and hid the knife. Although Sanders returned and stayed with Robinson until police

3

arrived, he told police that Robinson was suffering from an asthma attack. Because Sanders took a knife to a fist fight, we are not convinced that the sixty-year sentence is inappropriate in light of the nature of the offense.

We are also not convinced that the sentence is inappropriate given Sanders's character. Although Sanders pled guilty, reducing the possible criminal exposure of a third man who was involved in fight, and accepted responsibility for his actions, his guilty plea is tempered by the fact that he did not plead guilty until the morning of trial. Further, Sanders, who was twenty years old at the time of sentencing, had juvenile adjudications for what would have been Class C felony burglary if committed by an adult and Class B felony burglary if committed by an adult. He also has a misdemeanor conviction for possession of alcohol. His criminal history also includes several other arrests as a juvenile, an outstanding felony warrant in Illinois, and several probation violations. This criminal history shows that Sanders has been unable or unwilling to conduct himself in accordance with the law. Accordingly, Sanders has not established that his sixty-year sentence is inappropriate in light of the nature of the offense and his character.

## Conclusion

Sanders has not shown that his sentence is inappropriate. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.

4