**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 22 2012, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STEVEN D. POWELL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 45A03-1201-CR-2 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1006-FA-21 & 45G02-0609-FA-53

**August 22, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Steven Powell appeals his sentence for dealing in cocaine as a Class B felony and attempted battery as a Class C felony. We affirm.

## Issue

Powell raises one issue on appeal, which we restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Facts

On June 14, 2010, Powell was at or near an alley in the area of 169th Street and Idaho Avenue in Hammond.[1] Powell sold five clear knotted plastic bags to a confidential informant in exchange for one hundred dollars. The plastic bags contained cocaine and weighed approximately two grams. Powell knew that the product delivered to the confidential informant was cocaine and that doing so was illegal.

After the sale, officers of the Hammond Police Department attempted to arrest Powell. Officer Jason Schafbuch positioned himself in front of Powell's car to aid in the arrest. Powell moved around inside his car, and other officers approached and ordered him to show his hands. Powell put his car in reverse and drove into the car behind him. He then put the car in drive and drove forward towards Officer Schafbuch. Officer Schafbuch jumped out of the way to avoid being struck by Powell's car. Thus, Powell

---

[1] Powell stipulated to the following facts at his guilty plea hearing on August 30, 2011.

knowingly and intentionally, and in a rude, insolent, or angry manner, attempted to touch Officer Schafbuch by means of a motor vehicle.

The State charged Powell on June 16, 2010, with: attempted murder as a Class A felony; dealing in cocaine as a Class A felony; attempted aggravated battery as a Class B felony; dealing in cocaine as a Class B felony; dealing in cocaine as a Class B felony; dealing in cocaine as a Class B felony; resisting law enforcement as a Class D felony; and resisting law enforcement as a Class D felony. On July 2, 2010, the State added two additional counts: attempted battery as a Class D felony; and criminal mischief as a Class A misdemeanor.

On August 30, 2011, the parties filed a plea agreement. Pursuant to the plea agreement, Powell pled guilty to dealing in cocaine as a Class B felony and battery as a Class C felony. The plea agreement provided that the remaining eight felony charges would be dismissed and that the parties were free to fully argue their positions regarding sentencing. The trial court found Powell's extensive criminal record, probation violation, and disregard for law enforcement to be aggravating factors. Powell's plea agreement, sincere remorse, and family situation were mitigating factors. The trial court imposed concurrent sentences of fifteen years for dealing in cocaine and six years for attempted battery. Powell now appeals.

**Analysis**

Powell argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that we may

revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to show that his sentence is inappropriate. See Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007). Although Rule 7(B) does not require us to be extremely deferential to the trial court, we still must give due consideration to that sentence. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also recognize the unique perspective that the trial court provides in delivering its sentence. Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

4

The nature of Powell's offense was particularly egregious. He attempted to batter a police officer by almost hitting the officer with his car, used as a deadly weapon. Officer Schafbuch was acting in his official duty as a police officer in assisting in Powell's arrest after Powell had sold two grams of cocaine. Officer Schafbuch stated that Powell's actions "put [his] life in jeopardy" as well as the lives of his fellow officers and caused an "extended vehicle pursuit and subsequent foot pursuit." Tr. p. 32. In total, Powell exhibited a blatant and careless disregard for law enforcement.

As for Powell's character, he has a significant criminal history, and attempts at leniency in the past have failed. Powell was convicted in 1999 and 2002 for carrying a handgun without a license. In 2008, he was convicted for dealing cocaine as a Class B felony and was sentenced to three years executed and five years suspended. In June 2010, while on probation for these prior cocaine offenses, Powell committed his present offense, which again involved dealing in cocaine. He has also received numerous traffic violations, including driving while suspended. Powell had sufficient experience with the criminal justice system to recognize the consequences of his actions.

The trial court recognized certain mitigating circumstances in sentencing Powell, including his young children and his plea agreement. The trial court reflected upon Powell's children but determined that Powell should have weighed the full consequences of his actions. Also, Powell's guilty plea has less mitigating weight because he received substantial benefits for his cooperation, including the dismissal of all of the other pending charges. Powell's sentences are also concurrent, which is lenient considering his crimes

5

qualified him for consecutive sentences. See Cardwell, 895 N.E.2d at 1225 (finding counts involving multiple victims to be highly relevant in deciding the imposition of consecutive sentences). We conclude the trial court, in weighing the aggravating and mitigating circumstances, determined an appropriate sentence in light of the nature of the offense and the character of the offender.

## Conclusion

Powell's sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.