**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SEAN P. HILGENDORF**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM D. JAMES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1110-CR-486 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-0911-FA-51

**April 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

William James appeals his thirty-year sentence for Class A felony child molesting. We affirm.

## Issue

James raises one issue, which we restate as whether his thirty-year sentence is inappropriate.

## Facts

On October 31, 2009, James had sexual intercourse with his five-year-old daughter. On November 13, 2009, James was charged with Class A felony child molesting. On August 22, 2011, the morning of trial, James pled guilty to the charge. Following a hearing, the trial court sentenced James to the advisory sentence of thirty years. James now appeals.

## Analysis

James argues that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a

defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

In considering the nature of the offense, it is true that James was charged with and pled guilty to only one offense. James, however, pled guilty to having vaginal intercourse with his daughter. In committing this offense, James violated a position of trust. As the trial court recognized, James "violated that trust in the most horrible way imaginable, and she will never be able to really process that or understand why her daddy would do that to her." Sent. Tr. p. 13. This is especially true when considering that James's daughter was only five years old at the time of the offense.

James argues that, although the nature of the offense is serious, it is negated by his guilty plea, his mental illness, and his lack of criminal history. We recognize that James pled guilty to the charged offense in an open plea. James, however, waited until the morning of trial to plead guilty, requiring the State and his daughter to prepare for trial. Further, James has not established that his mental health issues contributed to, or were otherwise related to, the commission of the offense, and we are not convinced that those issues reflect positively on his character. Finally, although James has no significant criminal history, we cannot say that fact renders the thirty-year advisory sentence inappropriate. In light of the nature of the offense and the character of the offender, James has not established that his sentence is inappropriate.

## Conclusion

James has not established that his thirty-year advisory sentence is inappropriate. We affirm.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.

4