**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 17 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN RILEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 65A01-1111-CR-552 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE POSEY SUPERIOR COURT
The Honorable S. Brent Almon, Judge
Cause No. 65D01-1105-FB-245

**May 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Brian Riley appeals his five-year sentence for Class C felony battery resulting in serious bodily injury.[1]  We affirm.

## Issue

Riley raises one issue, which we restate as whether his sentence is inappropriate.

## Facts

On May 24, 2011, Riley hit his wife, A.C., on the face, crushing the left side of her jaw, breaking the right side in half, and shattering a wisdom tooth.  A.C. underwent surgery and had to have steel plates and screws inserted into her mouth.  A.C. continues to suffer from nerve damage, pain, numbness, and tooth pain.

On May 25, 2011, the State charged Riley with Class B felony aggravated battery and Class C felony battery resulting in serious bodily injury.  On September 16, 2011, Riley pled guilty to Class C felony battery.  Pursuant to the agreement, Riley's executed sentence was capped at six years and the State agreed to dismiss the Class B felony charge.

On November 2, 2011, a sentencing hearing was held at which A.C. testified.  According to the written sentencing order, the trial court sentenced Riley to five years, with four years executed and one year suspended to probation.  Riley now appeals.

---

[1]  It is not clear whether Riley's conviction was for Class C felony battery based on Indiana Code Section 35-42-2-1(a)(3) or 35-42-2-1(a)(6).

**Analysis**

Riley argues that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in

3

sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

In considering the nature of the offense, Riley apparently became upset with his wife after receiving a text message about her, waited for her to return home from work, and then punched her in the face three times. A.C.'s three children witnessed at least part of the attack. Both sides of A.C.'s jaw were broken and required surgery. Steel plates and screws were inserted into A.C.'s mouth, and she continues to suffer from pain and numbness, which is likely permanent. During the attack, Riley broke the home phone and A.C.'s cell phone. This was an egregious offense.

As for Riley's character, we acknowledge his guilty plea. However, in exchange for his plea, Riley's executed sentence was capped at six years and a Class B felony charge was dismissed. Moreover, in January 2010, Riley pled guilty to Class A misdemeanor battery for an offense against A.C. and, in April 2010, he again pled guilty to Class A misdemeanor battery for another offense against A.C. Riley's criminal history also includes convictions for Class A misdemeanor resisting law enforcement and Class B misdemeanor criminal mischief and includes other convictions in Alabama. This criminal history shows an inability to conduct himself in a law-abiding manner. In light of nature of the offense and his criminal history, Riley has not established that his five-year sentence is inappropriate.

## Conclusion

Riley has not established that his sentence is inappropriate. We affirm.

4

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.