**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONNY LEE STURGILL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 52A02-1202-CR-162 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable Daniel C. Banina, Judge
Cause No. 52D02-1105-FD-86

**September 27, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Donny Sturgill appeals his three-year sentence for Class D felony escape. We affirm.

**Issue**

Sturgill raises one issue, which we restate as whether his three-year sentence is inappropriate.

**Facts**

In 2001, Sturgill pled guilty to attempted murder and was sentenced to thirty years with ten years suspended. After seeking post-conviction relief, the State and Sturgill agreed to set aside the attempted murder conviction, and Sturgill pled guilty to Class B felony aggravated battery. Sturgill was sentenced to twenty years and apparently was permitted to serve the remainder of his incarceration on in-home detention. After approximately six months, Sturgill violated the terms of his in-home detention by using cocaine, and his in-home detention was revoked. After serving time in the Department of Correction, Sturgill was again permitted to serve a portion of his sentence on in-home detention.

On May 21, 2011, while on in-home detention, Sturgill cut his electronic monitoring device after an argument with his wife and then fled to Illinois. On May 26, 2011, the State charged Sturgill with one count of Class D felony escape for removing the electronic monitoring device. On September 14, 2011, the State filed a second Class D felony escape charge for fleeing to Illinois. Sturgill eventually pled guilty to the first

count, and the State agreed to dismiss the second count and not to file charges arising out of an unrelated incident.

On January 30, 2012, a sentencing hearing was held. The trial court considered Sturgill's criminal history and the fact that he was in a community transition program at the time of the offense as aggravators. The trial court considered Sturgill's guilty plea as a mitigator. The trial court found that the aggravators outweighed the mitigators and sentenced him to three years in the Department of Correction. Sturgill now appeals.

**Analysis**

Sturgill argues that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

3

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Sturgill contends that the nature of the offense does not warrant the maximum sentence because he cut the electronic monitoring device after an argument with his wife. According to Sturgill, he was acting in a moment of stress and strong emotion without the benefit of cool reflection. Even if Sturgill, who had previously violated the terms of his in-home detention, was upset because of an argument with his wife, it does not justify cutting off the electronic monitoring device and fleeing the state for two months. We are not convinced that the nature of the offense warrants a reduction of the sentence.

As for his character, Sturgill asserts the maximum sentence is not warranted because he pled guilty and his criminal history is "not reprehensible." Appellant's Br. p. 9. Although he pled guilty, he benefited from the dismissal of another charge and the State's agreement not to file additional unrelated charges. Further, Sturgill's criminal history includes three juvenile adjudications and a Class B felony aggravated battery conviction, the basis for his in-home detention. More importantly, however, Sturgill had

4

previously violated the conditions of in-home detention by using cocaine. Sturgill's character does not require reduction of his sentence.

## Conclusion

Sturgill's three-year sentence for escape is not inappropriate. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.