**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JANE H. CONLEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| NICOLE MEANS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A02-1205-CR-391 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy Barbar, Judge
Cause No. 49G02-1107-FC-50196

**November 27, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Nicole Means appeals her conviction and sentence for Class B felony aggravated battery. We affirm.

## Issues

Means raises two issues, which we restate as:

I.     whether there is sufficient evidence to support her conviction; and

II.    whether her sentence is inappropriate.

## Facts

For an extended period of time, Means and Ebony Bennett both dated Joseph Haywood. On July 6, 2011, Bennett was at her home in Indianapolis with her cousin and brother when she began calling Means from her cousin's cellphone. Eventually, Means drove to Bennett's home, pulled into the driveway, announced her arrival, and started to get out of the car. Bennett, who had been holding a golf club, threw the golf club to the ground while Means was in the driveway. Means then got back in the car and backed out of the driveway. Means pointed the car at an angle toward Bennett, who was standing on the sidewalk, accelerated, ran over Bennett's leg, and drove away. Bennett's injuries required two surgeries, a two-week hospital stay, and physical therapy.

On July 15, 2011, the State charged Means with Class C felony battery and later with Class B felony aggravated battery. At the beginning of the April 4, 2012 bench trial, the trial court granted the State's motion to dismiss the Class C felony battery charge. After the trial, the trial court found Means guilty of Class B felony aggravated battery.

In sentencing Means, the trial court considered her juvenile adjudication for battery as an aggravator. As mitigators, the trial court considered the fact that this was Means's first adult conviction, that she was remorseful, and that long-term imprisonment would be a hardship on Means's daughter. The court concluded that the mitigators outweighed the aggravators and sentenced Means to six years, with four years to be served in the Department of Correction ("DOC") and two years to be served in a community corrections program. Means now appeals.

## Analysis

### I. Sufficiency

Means argues that there is not sufficient evidence to support her conviction. In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses, and we respect a fact-finder's exclusive province to weigh conflicting evidence. Joslyn v. State, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

To convict Means of aggravated battery, the State was required to prove that she knowingly or intentionally inflicted injury on Bennett that caused protracted loss or impairment of the function of her leg. See Ind. Code § 35-42-2-1.5. "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he

3

engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).

Means argues that the evidence is insufficient to establish that she acted knowingly or intentionally. In support of her argument, Means points to her testimony that, when she saw Bennett approaching with the golf club as she was backing out of the driveway, she panicked, "hit the gas," and ended up on the grass. Tr. p. 105. She suggests that the incident happened quickly and that she was using her car to escape a frightening situation.

This argument is largely a request to reweigh the evidence, and we decline to do so. The evidence most favorable to the conviction shows that Means had previously threatened Bennett, had sent Bennett pictures of Haywood and Means together, and had called Bennett's phone and left "crazy" messages. The evidence also showed that, on the day of the incident, Bennett had repeatedly called Means's cell phone and the two exchanged vulgarities and insults. After the calls, Means drove twenty to thirty minutes from her house to Bennett's house. Means then pulled into Bennett's driveway, started to get out of the car, announced to Bennett that she was there, got back in the car, backed out of the driveway, pointed the car at an unusual angle toward Bennett, who was standing on the sidewalk, accelerated, hit Bennett, and drove away after she ran over Bennett's leg. This evidence is sufficient to establish that Means knowingly injured Bennett.

## II. Sentence

4

Means also argues that her six-year sentence is inappropriate and asks us to allow her to serve her sentence in a community corrections program. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Means was sentenced to six years, the minimum sentence for a Class B felony, with four years to be served in the DOC and two years to be served in a community corrections program. Means asserts that her character warrants modification of her sentence. Indeed, Means was close to earning her bachelor's degree in psychology and has an eight-year-old daughter. As for her criminal history, however, although she does not have any adult convictions, she does have a juvenile delinquency adjudication for battery, which is similar in nature to this offense. Further, Means does not address the nature of this offense, which involved her driving to Bennett's house, driving over Bennett's leg with a car, and leaving the scene. Based on the nature of the offense and character of the offender, we cannot conclude that Means's sentence is inappropriate.

### Conclusion

There is sufficient evidence to support the aggravated battery conviction, and Means has not established that her sentence is inappropriate. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.