**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 19 2013, 5:46 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN C. BOHDAN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WAYNE A. WASSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1212-CR-530 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D05-1205-FA-22

**August 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Wayne Wasson appeals his thirty-one-and-a-half-year sentence for one count of Class A felony child molesting, two counts of Class C felony child molesting, three counts of Class A misdemeanor contributing to the delinquency of a minor, and one count Class D felony sexual battery. We affirm and remand.

## Issue

Wasson raises one issue, which we restate as whether his sentence is inappropriate.

## Facts

In 2011, thirty-one-year-old Wasson was a family friend of thirteen-year-old S.M.W., and S.M.W. was his daughter's best friend. On November 26, 2011, S.M.W. was staying with her aunt in Monroeville while her father was hospitalized. S.M.W., her friend, thirteen-year-old S.W., and her older sister's best friend, sixteen-year-old A.W., arranged to clean S.M.W.'s father's house and to spend the night there.[1] To do so, S.M.W. told her aunt she was staying at S.W.'s house, and S.W. and A.W. told their parents they were staying at S.M.W.'s aunt's house.

At some point during the evening, Wasson arrived at S.M.W.'s house. Wasson let A.W., who did not have a learner's permit or a driver's license, drive his car to his house, where he and S.M.W. got moonshine, vodka, and wine, which they took back to S.M.W.'s house. S.M.W., A.W., S.W., and Wasson drank the alcohol, and S.M.W.,

---

[1] Although their last names start with "W," there is no indication that the girls are related to each other or to Wasson.

2

A.W., and Wasson decided to go for a drive.  While A.W. drove Wasson's car, S.M.W. sat in the passenger seat on Wasson's lap, and Wasson touched S.M.W.'s thigh.  S.M.W. then drove the car while A.W. sat on Wasson's lap.  Wasson touched A.W.'s legs, and they kissed.

When the three returned to S.M.W.'s house, Wasson sat between S.M.W. and A.W. on the couch and covered their legs with a blanket.  Wasson unbuttoned his pants, made S.M.W. touch his penis with her hand, and put his finger inside S.M.W.'s vagina.  Wasson also touched A.W. near her vagina but stopped and made A.W. touch his penis with her hand.  Later that night, Wasson pushed A.W. onto a bed, started feeling and kissing her, and tried to take her pants off.  A.W. told him no and tried to push him off but could not.  When S.W. called A.W.'s name, Wasson let A.W. go.  Wasson did not leave until A.W.'s older sister arrived at the house and confronted him.

On May 22, 2012, the State charged Wasson with one count of Class A felony child molesting, two counts of Class C felony child molesting, and three counts of Class A misdemeanor contributing to the delinquency of a minor.  On September 19, 2012, the State added the Class D felony sexual battery charge, which related to Wasson's conduct with A.W.  Following a jury trial, Wasson was found guilty as charged.  The trial court sentenced Wasson to thirty years for the Class A felony conviction, four years for each of the Class C felony convictions, one year for each of the Class A misdemeanor convictions, and one-and-a-half years for the Class D felony conviction.  The trial court ordered all of the sentences to be served concurrently except the Class D felony sentence

3

because it involved A.W., for a total executed sentence of thirty-one-and-a-half years. Wasson now appeals.

## Analysis

Wasson argues that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B),

4

we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Focusing solely on his sentence for Class A felony child molesting, Wasson argues that we should reduce his executed sentence to twenty-one-and-a-half years. Although he acknowledges that he received the advisory sentence for a Class A felony, he contends that his lack of criminal history, the hardship on his family, the evidence of his positive character, his impaired judgment, and his low risk of reoffending support suspending a portion of or reducing his sentence.

As an initial matter, we decline to focus solely on the appropriateness of Class A felony child molesting sentence because "[u]ltimately the length of the aggregate sentence and how it is to be served are the issues that matter." Cardwell, 895 N.E.2d at 1224. "In the vast majority of cases, whether these are derived from multiple or single counts, involve maximum or minimum sentences, and are concurrent or consecutive is of far less significance than the aggregate term of years." Id. Thus, we consider whether Wasson's aggregate sentence of thirty-one-and-a-half years is inappropriate in light of all of his convictions.

Regarding the nature of the offenses, Wasson was a close family friend of S.M.W., and S.M.W. was his daughter's best friend at the time. Because of that relationship, Wasson had access to S.M.W., A.W., and S.W. Moreover, in addition to committing Class A felony child molesting and two counts of Class C felony child molesting against S.M.W., Wasson also committed Class D felony sexual battery against A.W., provided

5

S.M.W., A.W., and S.W. with alcohol, and allowed S.M.W. and A.W., neither of whom had driver's licenses, to drive his car after they had been drinking. Finally, Wasson left S.M.W.'s house only upon being confronted by A.W.'s teenage sister. The nature of the offenses does not call for a reduction of Wasson's aggregate sentence.

Regarding Wasson's character, it is true that he has no adult criminal history and only a juvenile adjudication for theft. Overall, this reflects positively on his character. But, we are not persuaded that Wasson is at a low risk to reoffend because the presentence investigation report confusingly indicates that he is at both high and low risk of reoffending. As for the hardship on his wife and three daughters, there is no evidence that the hardship goes beyond that generally associated with incarceration. Further, although the record contains several letters from family members and friends attesting to Wasson's good character, the record also contains evidence of the impact of the crimes on S.M.W. and A.W. Finally, the fact that Wasson was voluntarily intoxicated when he committed the offense does not bode well for his character, especially when we consider that he provided alcohol to S.M.W. and her friends before committing the sexual offenses. In sum, Wasson has not established that the executed sentence of thirty-one-and-a-half years for the seven convictions, including Class A felony child molesting, is inappropriate.

Finally, in a footnote, the State points out that Wasson was not ordered to pay child abuse prevention and sexual assault victims' assistance fees. Because it appears that these fees are statutorily required, we remand for the trial to assess the appropriate fees. See Ind. Code §§ 33-37-5-12, 33-37-5-23.

## Conclusion

Because Wasson has not established that the nature of the offenses and his character require the reduction of his sentence and it appears that the trial court did not properly assess the statutorily required fees, we affirm and remand.

Affirmed and remanded.

CRONE, J., and PYLE, J., concur.