**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DERRICK ANTHONY EDWARDS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1308-CR-414 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1011-FB-118

**March 17, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Derrick Edwards appeals his twelve-year sentence for Class B felony dealing in a narcotic drug. We affirm.

**Issue**

Edwards raises one issue, which we restate as whether his sentence is inappropriate.

**Facts**

On September 18, 2009, Edwards met a confidential informant, drove to a housing project, and sold the confidential informant .5 grams of heroin for $200. The State later charged Edwards with five counts of Class B felony dealing in a narcotic drug or dealing in cocaine for various transactions involving the same confidential informant during the fall of 2009, including the September 18, 2009 transaction. Pursuant to the terms of a plea agreement, Edwards pled guilty to one count of Class B felony dealing in a narcotic drug, and the State dismissed the remaining charges. The trial court sentenced Edwards to twelve years in the Department of Correction. Edwards now appeals.

**Analysis**

Edwards argues that his twelve-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873

(Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Regarding the nature of the offense, we tend to agree with Edwards's argument that the nature of the offense is not particularly egregious. Nevertheless, as Edwards points out, he was alleged to have committed similar offenses on four other occasions, and those charges were dismissed pursuant to the terms of the plea agreement. Thus, this was not an isolated incident of misconduct.

As for Edwards's character, although he has extensive health problems, there is no indication that those health problems are related to the commission of the offense.

3

Moreover, fifty-seven-year-old Edwards has an extensive criminal history spanning several decades. He has five felony convictions, one misdemeanor conviction, and two juvenile adjudications. Edwards has been arrested on numerous other occasions, and his drug history includes heroin use, showing his disregard for the law. Under these circumstances, we cannot conclude that his twelve-year sentence is inappropriate.

## Conclusion

Edwards has not established that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.