**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 18 2014, 8:32 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Indianapolis, Indiana

**JEREMY HOFFMAN**
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GRAHAM T. YOUNGS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DANIEL CAMACHO,                )
                              )
    Appellant-Defendant,       )
                              )
        vs.               )    No. 49A04-1405-CR-209
                              )
STATE OF INDIANA,             )
                              )
    Appellee-Plaintiff.        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1310-CM-68990

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Daniel Camacho borrowed Ashlee Edinger's car with her permission, but he did not promptly return it, as he had when borrowing it on prior occasions. Edinger attempted for several days to contact Camacho regarding the car, but did not have any success. The car was eventually recovered from an Indianapolis parking lot, but Edinger's insurance declared it a total loss. The State charged Camacho with Class A misdemeanor criminal conversion, and the trial court found him guilty as charged and sentenced him to 365 days of incarceration with 363 suspended to probation. Camacho contends the State failed to introduce sufficient evidence to sustain his conviction and that his sentence is inappropriately harsh. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 4, 2013, Edinger returned from work and Camacho asked to borrow her car. Edinger agreed to let Camacho borrow her car. Although Camacho had borrowed Edinger's car in the past and had always promptly returned it, he did not return it this time. On October 5, 2013, Edinger called the telephone number she had for Camacho in an attempt to locate her car and left a voice mail. Camacho did not return the telephone call. Edinger called Camacho's number again daily until October 10, 2013, at which point she contacted police to report her car as stolen. On October 30 or 31, 2013, when Edinger's car was eventually recovered from a parking lot at 21st and Shadeland in Indianapolis, the muffler was in the trunk, the car was "smoking out of the engine[,]" and the insurance company

2

declared it a total loss. Tr. 10. Camacho testified that the car had broken down and that he had pushed it into the parking lot and abandoned it there.

Meanwhile, on October 22, 2013, the State charged Camacho with Class A misdemeanor criminal conversion. On April 15, 2014, a bench trial was conducted, following which the trial court found Camacho guilty as charged. The trial court sentenced Camacho to 365 days of incarceration, with 363 suspended to probation.

## DISCUSSION AND DECISION

### I. Whether the State Produced Sufficient
### Evidence to Sustain Camacho's Conviction

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We consider conflicting evidence in the light most favorable to the trial court's ruling. *Id.* We affirm the conviction unless no reasonable fact-finder could find that the elements of the crime were proven beyond a reasonable doubt. *Id.*

Indiana Code section 35-43-4-3(a) provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Indiana Code section 35-43-4-1 provides, in part, as follows:

> (a) As used in this chapter, "exert control over property" means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property.

3

(b) Under this chapter, a person's control over property of another person is "unauthorized" if it is exerted:
    (1) without the other person's consent;
    (2) in a manner or to an extent other than that to which the other person has consented[.]

"A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "To establish this element of the crime of conversion, a plaintiff must show the defendant was aware of a high probability his control over the plaintiff's property was unauthorized." *JET Credit Union v. Loudermilk*, 879 N.E.2d 594, 597 (Ind. Ct. App. 2008), *trans. denied*.

Camacho seems to argue that the State failed to prove that his abandonment of Edinger's car was unauthorized. We conclude that the record supports a reasonable inference that Camacho's control (*i.e.*, abandonment) of Edinger's car did, in fact, exceed the scope of her authorization. Although Camacho had borrowed Edinger's car several times in the past, he had always returned it promptly. Based on this history, a reasonable person would not infer authorization to simply abandon the car without even notifying the owner. The State produced sufficient evidence to raise an inference that Camacho was aware of a high probability that his abandonment of Edinger's car was not authorized. While Camacho points to evidence in the record that he was unable to contact Edinger about her car, this amounts to an invitation to reweigh the evidence, which this court will not do.

## II. Whether Camacho's Sentence is Inappropriate

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the

4

offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). The trial court sentenced Camacho to 365 days of incarceration with 363 days suspended to probation.

The nature of Camacho's offenses justifies his sentence. Despite Edinger's history of generously lending her car to Camacho, he repaid that generosity by abandoning it and making no effort to even notify her or return her telephone calls. Camacho's character also justifies his sentence. Instead of attempting to contact Edinger, Camacho "started drinking" instead. Tr. p. 24. Camacho also has a prior conviction for criminal recklessness, which does not reflect well on his character. Although Camacho's criminal history is admittedly not lengthy, neither is his executed sentence, at two days. "Upon the review of sentence appropriateness under Appellate Rule 7, appellate courts may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Although we recognize that Camacho could potentially serve some or all of his suspended sentence, Camacho's overall sentence is quite lenient. Considering the nature of Camacho's offense and his character, we cannot say that he has established that his sentence is inappropriate.

The judgment of the trial court is affirmed.

NAJAM, J., and MATHIAS, J., concur.