**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ADAM G. FORREST**
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KENNETH E. BIGGINS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ATAUL SHAFEEK, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1403-CR-147 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-1301-MR-1

**January 23, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Ataul Shafeek, Jr., appeals his fifty-six year sentence for murder. We affirm.

## Issues

Shafeek raises one issue, which we restate as whether his sentence is inappropriate.

## Facts

In 2012, Shafeek, who lived in Dayton, Ohio, had a two-year-old daughter with Jazamine Allen, who lived in Richmond. The two were no longer a couple and exchanged custody of their daughter every two weeks. On January 11, 2013, Shafeek had returned their daughter to Allen's apartment without incident. Allen was there with her two other children, her sister, her sister's child, and Shaun Ali, Allen's boyfriend.

The next day, January 12, 2013, Allen was at her apartment with her sister, Ali, and the four children. She noticed that she had seven missed calls from Shafeek. Around the same time Shafeek appeared unexpectedly at her apartment and pushed his way into the apartment to visit with the children. Allen asked Shafeek to leave, and he refused. Instead, Allen and Ali went for a walk. Shafeek twice approached the couple while they were out. When the three returned to the apartment, Shafeek attempted to block the door to prevent Ali from entering the apartment. Shafeek explained that Ali was devil, who was trying to kill him. The two men then began arguing in a bedroom where one of the children was sleeping. Ali was able restrain Shafeek, and Allen took the child from the bedroom. When Allen returned to the bedroom, Shafeek was stabbing Ali with a kitchen knife that Shafeek had put in the bedroom earlier. Allen was able to intervene, and

Shafeek left the apartment as police arrived. Ali was stabbed twenty times and died from his injuries.

The State charged Shafeek with murder. Shafeek pursued the defenses of self-defense and mental disease or defect. Shafeek eventually stipulated to his competency to stand trial but maintained his defense of mental disease or defect. Dr. Edmund Haskins, a clinical neuropsychologist, testified at Shafeek's jury trial that Shafeek suffered from bipolar disorder with psychosis. Dr. George Parker, a forensic psychiatrist, also diagnosed Shafeek as having bipolar disorder with psychotic features. At the trial, Shafeek testified that a voice told him Ali was trying to kill him, that the knife spoke to him when he was in kitchen, and that, when he was stabbing Ali, he was having an out-of-body experience in which God was fighting the devil. The jury found Shafeek guilty of murder.

At the sentencing hearing, the trial court considered as aggravating that Shafeek had not been leading a law-abiding life despite having no significant criminal history because he used marijuana daily. The trial court also considered as aggravating the fact that the crime was committed in close proximity to four young children. As mitigating, the trial court considered Shafeek's mental illness but acknowledged that Shafeek was aware of the issue and self-medicated with marijuana instead of treating it. The trial court determined that the aggravators outweighed the mitigators and sentenced Shafeek to fifty-six years. However, to account for Shafeek's mental illness, the trial court suspended five years of that sentence to probation to make sure Shafeek does not self-medicate and takes the proper medication upon his release. Shafeek now appeals.

**Analysis**

Shafeek argues that his fifty-six-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Regarding the nature of the offense, Shafeek went to Allen's home uninvited, refused to leave upon her request, put a knife in a bedroom, and stabbed Ali twenty times, while four young children were present in the home. Even if Ali threw the first punch, we are not persuaded that Shafeek's actions were provoked by Ali as Shafeek argues. Prior to the physical altercation, Shafeek had refused Allen's request to leave the apartment and Shafeek forcibly tried to block Ali's entry into the apartment. Nothing about the nature of the offense warrants the reduction of the sentence.

As for his character, although Shafeek does not have a significant criminal history, his criminal history does include a juvenile adjudication. Moreover, twenty-four-year-old Shafeek admitted to smoking marijuana daily since he was eighteen. This type of illegal drug use is not indicative of someone who has led a law-abiding life. As for his mental health, there is evidence that he suffers from bipolar disorder with psychosis and depression. However, Dr. Parker concluded that, despite Shafeek's mental illness, he had "a basic appreciation of the wrongfulness of his actions at the time of the alleged offense." Sent. Hr. Ex. 3. p. 9. Also, there is evidence that Shafeek had been suffering from hallucinations for several months and was hospitalized for his mental health issues in December 2012. He was released the next day because he was no longer suicidal, and an out-patient mental health follow-up was recommended. However, Shafeek did not seek additional treatment. The trial court considered Shafeek's mental illness when it crafted his sentenced and specifically suspended five years of his sentence to account for his mental illness. In light of the nature of the brutal attack in the presence of four young children, we cannot conclude that the fifty-six-year sentence is inappropriate.

## Conclusion

Shafeek has not established that his sentence is inappropriate.  We affirm.

MAY, J., and PYLE, J., concur.