## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 13 2016, 7:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy M. Hines, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 13, 2016 <br><br> Court of Appeals Case No. 21A01-1603-CR-459 <br><br> Appeal from the Fayette Circuit Court <br><br> The Honorable Matthew R. Cox, Special Judge <br><br> Trial Court Cause No. 21C01-1304-FC-325 |

**Baker, Judge.**

Jeremy Hines appeals the sentence he received for Class C Felony Nonsupport of a Dependent Child.[1] He asks us to revise his sentence. Finding his sentence not inappropriate, we affirm.

## Facts

Hines has three children with his ex-wife, Amy Hines, plus an additional biological child and two additional stepchildren. As part of their 2007 divorce, Hines was ordered to pay $40 of child support per week for the three children. From February 16, 2011, through April 19, 2013, Hines did not pay child support—over this period of time, Hines incurred an arrearage of $18,268.

On April 24, 2013, the State charged Hines with Class C felony nonsupport of a dependent child. On January 16, 2016, Hines pleaded guilty as charged. That same day, the trial court held a sentencing hearing. Hines presented evidence that he had difficulty finding permanent employment and earning steady income. He testified that he lived with his fiancée, who worked a full-time job at a convenience store while he watched her children at home. He also informed the trial court that his fiancée would be able to help him make child support payments until he found a job. The trial court took Hines's sentencing under advisement.

---

[1] Ind. Code § 35-46-1-5(a).

[4] Before the trial court issued its sentencing order, Hines was arrested for allegedly battering his fiancée in the presence of a child and interfering with the reporting of a crime. On February 12, 2016, the trial court held another sentencing hearing during which it took judicial notice of the new charges. Hines's pre-sentence investigation report (PSI) also disclosed a lengthy criminal history. The trial court sentenced Hines to seven years with three years executed and four years suspended to probation. Hines now appeals.

## Discussion and Decision

[5] Hines has one argument on appeal, namely, that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal role of such review is to attempt to leaven the outliers, but not to achieve a perceived "correct" sentence. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Id.* at 1222. The defendant bears the burden of showing us that his sentence is inappropriate. *Kennedy v. State*, 934 N.E.2d 779, 788 (Ind. Ct. App. 2010).

[6] We initially note that Hines pleaded guilty to a Class C felony, which at the time carried a sentence between two and eight years, with an advisory sentence

of four years. Ind. Code § 35-50-2-6. Thus, Hines's sentence of seven years is above the advisory sentence but below the maximum sentence.

[7]   Turning to the nature of Hines's offense, he failed to provide financial support to three of his children as ordered by a court. Those three children were legally entitled to over $18,000 of monetary support from Hines but, because of his nonpayment, their needs will either go unmet or will be passed on to somebody else. Although Hines testified that he has not been able to hold a job, he did not provide any particular reason for his inconsistent employment. The longest Hines has worked at one job was nine months, and that took place roughly twenty years ago. We also note that Hines never requested a child support modification due to any changed financial circumstances. Hines has not carried his burden of showing us that the nature of his offense renders his seven-year sentence inappropriate.

[8]   Turning to Hines's character, we find a man with a lengthy criminal history. Hines has four felony convictions and six misdemeanor convictions. Among his convictions are two prior convictions for nonsupport of his dependent children, showing that nonsupport is a persistent character flaw. Even worse, shortly after testifying that his fiancée—the biological mother of one of his children and the sole income-earner in the household—could help him pay his child support arrearage, he was arrested for battering her in the presence of children. This is not the action of a man who intends to do whatever he can to provide for his children. We are not persuaded to revise his sentence.

[9] Finally, our Supreme Court has instructed us to focus not only on the aggregate length of a sentence, but also consider "whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). One of those tools is probation. *Id.* We note that, although Hines received an aggregate sentence of seven years, the executed portion of three years is actually below the advisory sentence of four years. In light of the nature of Hines's offense and his character, Hines's mostly suspended sentence is not inappropriate.

[10] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.