**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 25 2014, 6:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD ANTONIO CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1308-CR-337 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1210-FD-240

**March 25, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Richard Clark appeals his three-year sentence for Class D felony strangulation and Class A misdemeanor domestic battery. We affirm.

**Issue**

Clark raises one issue, which we restate as whether his sentence is inappropriate.

**Facts**

On October 8, 2012, while on probation, Clark was involved in an argument with his wife at their home in Merrillville. During the argument, Clark put his hands on his wife's neck in a manner that could have impaired her breathing and touched her in a rude, insolent, or angry manner that caused her discomfort or pain.

The State charged Clark with Class D felony strangulation and Class A misdemeanor battery, and Clark pled guilty to both charges. The trial court sentenced Clark to three years on the strangulation charge and to one year on the battery charge. The trial court ordered the sentences to be served concurrently for a total sentence of three years. Clark now appeals.

**Analysis**

Focusing on the three-year sentence for strangulation, Clark argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision.

2

Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

As for the nature of the offenses, Clark contends that the strangulation offense was not the worst-of-the-worst so as to warrant the maximum sentence of three years. We reject Clark's request to review only the three-year sentence for strangulation and instead consider the sentence as a whole—three years for one count of Class D felony strangulation and one count of Class A misdemeanor battery. We also consider the fact

that Clark committed these offenses while on probation for having committed Class D felony strangulation against another woman seven months prior.

As for his character, although Clark pled guilty to the charges in an open plea, during the preparation of the presentence investigation report, Clark denied having committed the offense.[1]  This is consistent with Clark's statement during the sentencing hearing in which he repeatedly pointed out his wife's wrongdoing.  Clark's decision to plead guilty appears to be a pragmatic decision as opposed to the acceptance of responsibility for his crimes.

Moreover, fifty-nine-year-old Clark's criminal history is extensive, and several of his prior convictions are closely related to the current convictions.  Since 2007, Clark has been convicted of battery, three counts of domestic battery, disorderly conduct, reckless driving, and driving while suspended as misdemeanors in addition to the Class D felony strangulation conviction.  In 1981, Clark was convicted of aggravated battery and three counts of attempted murder.  Clark's criminal history also includes numerous other arrests for battery, attempted battery, domestic battery, and assault.  Given the current offenses and the nature and extent of Clark's criminal history, he has not established that the three-year sentence is inappropriate.

## Conclusion

Clark has not established that his sentence is inappropriate.  We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.

---

[1]  The report indicates that Clark wished to keep his guilty plea as it was.