## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Amanda O. Blackketter
Blackketter Law, Inc.
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa A. Medsker,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | January 29, 2016<br><br>Court of Appeals Cause No.<br>73A04-1506-CR-668<br><br>Appeal from the Shelby Superior Court<br><br>The Honorable David N. Riggins, Judge<br><br>Trial Court Cause No.<br>73D02-1504-F6-112 |

**Barnes, Judge.**

# Case Summary

Lisa Medsker appeals her two-year sentence for Class A misdemeanor theft and two counts of Level 6 felony theft. We affirm.

# Issue

Medsker raises one issue, which we restate as whether her sentence is inappropriate.

# Facts

In 2015, Medsker, her husband, and her three children were in the process of moving and were living with Medsker's in-laws in Shelby County. On three separate occasions, while her in-laws were on vacation, Medsker took several items belonging to her in-laws, including tools, a camera, and a laptop, and pawned them in Indianapolis. Medsker then reported to police that her in-laws' home had been burglarized. Medsker later admitted to stealing those items, which were recovered from the pawnshop and returned to Medsker's in-laws.

The State charged Medsker with one count of Class A misdemeanor theft related to the tools and two counts of Level 6 felony theft based on the value of the camera and laptop. Medsker pled guilty and, after considering her criminal history and position of trust, the trial court sentenced Medsker to eighty-one days on the misdemeanor charge and to two years on each of the felony charges. The trial court ordered the sentences to be served concurrently,

ordered Medsker to serve 545 days executed, and suspended the remaining 185 days to probation. Medsker now appeals.

## Analysis

[5] Medsker argues that her two-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Appellate Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[6] The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crimes,

the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Appellate Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[7] As an initial matter, we note that the trial court suspended approximately six months of Medsker's two-year sentence to probation, requiring her to serve only 545 days executed for one misdemeanor and two felony convictions.

[8] Regarding the nature of the offense, Medsker, on multiple occasions, stole items from her in-laws and pawned them to get money to support her heroin habit. She did so after her in-laws had opened their home to Medsker and her family while they were in the process of moving. Medsker then reported a burglary to police, presumably in an attempt to cover up her criminal activity.

[9] Regarding her character, Medsker was remorseful during the sentencing hearing and pled guilty to the charges. Nevertheless, Medsker's criminal history includes a felony conviction for burglary and a conviction for check deception. Clearly, Medsker has little regard for other people's property. Although Medsker explained that she committed the crimes to support her heroin addiction, which she developed after having been prescribed pain pills, this does not positively reflect on her character in that she admitted to using heroin for

eighteen months. Neither the nature of the offense nor Medsker's character warrants a reduction of her sentence.

## Conclusion

[10] Medsker's sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

[11] Affirmed.

Robb, J., and Altice, J., concur.