## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2016, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Denna Kay Kinser,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 22, 2016

Court of Appeals Cause No.
02A03-1601-CR-181

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D05-1510-F6-949

**Barnes, Judge.**

## Case Summary

Deena Kinser appeals her one year and 183-day sentence following her conviction for Level 6 felony theft. We affirm.

## Issue

The issue before us is whether Kinser's one year and 183-day sentence is inappropriate.

## Facts

Bernard and Carole Szuhaj, both seventy-three years old, suffered from health issues that required them to hire in-home caregivers. Several individuals employed by the Visiting Angels organization, including Kinser, came to the Szuhajes' home in Fort Wayne to provide them with the care they needed. Kinser worked in the Szuhajes' home on July 14, 15, 16, 22, and 23, 2015.

Bernard owned twenty-two rings, which he kept in a large jewelry case in an upstairs bedroom of his home. The rings were valued at $200 to $400 each, making their total value between $4,400 and $8,000. Bernard withdrew $1,000 from his savings each month for his monthly expenses and kept that money hidden in books throughout his den. The $1,000 would last Bernard all month, and he would sometimes have money left over. Bernard also kept between $4,000 and $8,000 hidden in a desk in his den, which was money that he and his wife had saved over the course of twenty years.

[5]  In July 2015, the $1,000 Bernard had withdrawn for monthly expenses only lasted him through July 15, 2015, forcing him to withdraw additional money. While Bernard was away from home for dialysis treatment, Kinser stole the twenty-two rings from his home. Kinser pawned some of the rings at a local pawn shop on July 16 and July 23, 2015. Quintus Cooper, Kinser's husband as of August 11, 2015, pawned the rest of the rings at a different pawn shop on July 15, 16, and 17, 2015. On July 24, 2015, Kinser quit her employment with Visiting Angels.

[6]  On September 5, 2015, Bernard discovered that the money hidden in his desk and the twenty-two rings were missing from his home, and reported the missing items to the police. Bernard stated that someone from Visiting Angels had taken the items while he was away from home for dialysis treatment. Police investigated, learned that Kinser had been employed there, and tracked Kinser's and Cooper's pawning activity through the Leads Online database. Police subsequently recovered eleven of Bernard's rings and returned them to him. The stolen money was never recovered. Insurance compensated Bernard for the un-recovered stolen rings but not for the money stolen from his desk.

[7]  Kinser was subsequently charged with Level 6 felony theft and pled guilty to the charge in an open plea. At Kinser's sentencing hearing, the State argued that, based on Bernard's claim that he was still missing $5,000 and his victim impact statement, Kinser should be ordered to pay $5,000 in restitution. Kinser objected to that restitution amount and maintained that no restitution was owed because she did not take the money from Bernard. The trial court declined to

order restitution. The trial court went on to sentence Kinser "based on the facts and circumstances in this case" to one year and 183 days, with sixty days executed and one year and 123 days suspended to probation. Tr. p. 13. Kinser now appeals her one year and 183-day sentence.

## Analysis

[8] Kinser's argument is that her one year and 183-day sentence is inappropriate under Indiana Appellate Rule 7(B) in light of her character and the nature of the offense. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id*.

[9] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id*. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a

given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10] The sentencing range for a Level 6 felony is between six months and two-and-one-half years, with an advisory term of one year. Ind. Code § 35-50-2-7(b). Regarding the nature of the offense, Kinser's actions were an ultimate violation of trust. Kinser was entrusted by the Szuhajes to care for them because they could not care for themselves. The Szuhajes were seventy-three years old and suffered from health issues. The Szuhajes were vulnerable victims who believed that Kinser was there to care for them, not to steal from them while they were away from their home receiving medical treatment. Kinser not only violated the Szuhajes' trust, but she also invaded their personal space and affected the Szuhajes emotionally. Kinser stole over $4,000 in irreplaceable valuables and some of their savings accumulated over twenty years. This blatant violation of trust was the aggravating factor during sentencing.

[11] Regarding her character, Kinser does not have a criminal history. However, Kinser is currently unemployed and over $50,000 in debt. Kinser is not taking any steps towards paying off her debt. Kinser has been terminated or quit every job she has had. The day after stealing over $4,000 in valuables from the Szuhajes, Kinser quit Visiting Angels. Kinser has also had her child taken by

the Department of Child Services and placed with her parents. Kinser recently married the man who helped her to pawn the Szuhajes valuables.

[12] Given Kinser's poor character and the violation of trust in committing this offense, we conclude that the one year and 183-day sentence is not inappropriate.

## Conclusion

[13] Kinser's one year and 183-day sentence is not inappropriate. We affirm.

[14] Affirmed.

Vaidik, C.J., and Mathias, J., concur.